In the Matter of the Application of SADIE BRATHWAITE, Indicted under the Name of SADIE PRAITHER, for a Writ of Habeas Corpus. SADIE BRATHWAITE, Alias SADIE PRAITHER, Respondent; THE PEOPLE OF THE STATE OF NEW YORK, Appellant. — Order sustaining writ of habeas corpus and discharging respondent from custody reversed on the law, without costs, writ dismissed and respondent remanded to the custody of the sheriff of Nassau county, on authority of *Matter of Praither* (*post*, p. 846), decided herewith. Lazansky, P. J., Hagarty, Davis, Johnston and Adel, JJ., concur.

In the Matter of the Estate of BERNARD FEENEY, Deceased. JOHN JAMES CONROY, Coexecutor of the Estate of BERNARD FEENEY, Deceased, etc., Appellant; MARGARET FEENEY, Claimant-Respondent; JAMES JOSEPH FEENEY, Coexecutor of the Estate of BERNARD FEENEY, Deceased, etc., Respondent.— Decree of the Surrogate's Court of Westchester county on an accounting by the executors modified by allowing the claim of Margaret Feeney in the sum of $2,500 instead of $3,500. As so modified the decree in so far as an appeal is taken therefrom is unanimously affirmed, with costs to the appellant, payable out of the estate. There is no dispute that all the parties agreed upon a settlement of this claim in the sum of $2,500. The fact that all the parties agreed and that the amount agreed upon was $2,500 is evidenced by writings, the verity of which may not be challenged. Under these circumstances the surrogate should not have allowed one of the executors to withdraw his consent to the settlement in the absence of a showing warranting a favorable exercise of discretion. The settlement should have been adhered to and enforced by the surrogate unless he was convinced that the claim was wholly destitute of merit. The surrogate did not entertain any such view, since he, after a hearing on the merits, concluded to allow a greater sum than was agreed on in the settlement. We do not express any view as to the propriety of the court's ruling on the merits, but we think that in view of his concluding that there was some merit, he should not have in effect set aside the settlement and his allowing the coexecutor appellant to withdraw his consent was an improvident exercise of discretion. We, exercising our power as a Surrogate's Court, approve the settlement. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.